RECEIPT # 57847
AMOUNT $ 150-
SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK ___
DATE 8-11-04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-11757 JLT

MAGISTRATE JUDGE Collings

| | |
|---|---|
| OMNIPOINT HOLDINGS, INCORPORATED | ) |
| Plaintiff | ) |
| v. | ) |
| THE TOWN OF WATERTOWN, THE TOWN OF WATERTOWN ZONING BOARD OF APPEALS, and JOHN W. MARSHALL, JOHN J. McCARTHY, ANTHONY D. FURIA, ELAINE V. GREY and HARRY J. VLACHOS, as they are members of the TOWN OF WATERTOWN ZONING BOARD OF APPEALS, | ) |
| Defendants | ) |

## COMPLAINT

### Summary of Action

This action arises out of the Town of Watertown Zoning Board of Appeals' (the "Board") unlawful denial of an application by Omnipoint Holdings, Incorporated ("Omnipoint") for a Special Permit and Variances under the Watertown Zoning By-law (the "by-law") to erect a 120' telecommunications "monopole" with related equipment at the property of the Oakley Country Club, 410 Belmont Street, Watertown, Massachusetts. This denial violates section 704 of the Federal Telecommunications Act of 1996, 47 U.S.C. §332(c). As a result, Omnipoint seeks an Order from this Court directing the Zoning Board of Appeals to grant the Plaintiff all permits necessary to construct the facility.

Additionally, as a pendant state law claim, the Plaintiff seeks judicial review of the decision of the Zoning Board of Appeals under M. G. L. Chapter 40A §17.

## THE PARTIES

1. Plaintiff Omnipoint is a Delaware corporation with a usual place of business at 12920 S. E. 39th Street, Bellevue, Washington, 98006.

2. The Defendant, the Town of Watertown (the "Town"), is a duly authorized municipality constituted and existing under the laws of the Commonwealth of Massachusetts.

3. The Defendant, the Zoning Board of Appeals, is a duly authorized unit of the Town that has been delegated the authority, among other things, to grant zoning relief under certain provisions of the Town's Zoning By-law.

4. The Defendant John W. Marshall resides in the Town of Watertown and serves as a member of the Zoning Board of Appeals that denied the request for the zoning relief at issue in this action.

5. The Defendant John J. McCarthy resides in the Town of Watertown, and serves as a member of the Zoning Board of Appeals that denied the request for the zoning relief at issue in this action.

6. The Defendant Anthony D. Furia resides at 208 Boylston Street in the Town of Watertown, and serves as a member of the Zoning Board of Appeals that denied the request for the zoning relief at issue in this action.

7. The Defendant Elaine V. Grey resides in the Town of Watertown, and serves as a member of the Zoning Board of Appeals that denied the request for the zoning relief at issue in this action.

8. The Defendant Harry J. Vlachos resides at 78 Marshall Street in the Town of Watertown, and serves as a member of the Zoning Board of Appeals that denied the request for the zoning relief at issue in this action.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction of this action under 28 U.S.C. §1331, as this action arises under the laws of the United States, specifically section 704 of the Telecommunications Act of 1996.

10. Venue is proper in this Court under 28 U.S.C. §1391(b), since the defendants each reside in the District, and the events and/or omissions giving rise to this action occurred in this District.

## FACTUAL BACKGROUND

### The Personal Communications Service Technology

11. The Plaintiff operates a communications venture committed to providing integrated wireless personal communications services (PCS) by building wireless networks in specified markets across the United States under license purchased from the Federal Communications Commission (FCC). One of those market areas is in Metropolitan Boston, Massachusetts and includes the Town of Watertown. PCS technology is a new generation of wireless service that uses digital transmission to improve the services available to customers.

12. Unlike cellular services using analog-based systems, PCS digital technology converts voice and data signals into a stream of digits to allow a single radio channel to carry multiple simultaneous signal transmissions. This allows the Plaintiff to offer services

unavailable in analog-based systems, such as secured transmissions and enhanced voice, high-speed data, paging and image capabilities as well as voice mail, call forwarding and call waiting.

13. Mobile telephones using PCS technology operate by transmitting a radio signal to antennas mounted on a tower, pole, building, or other structure. The antenna feeds the signal to electronic devices housed in a small equipment cabinet, or base station. The base station is connected by microwave, fiber-optic cable, or ordinary telephone wire to the Base Station Controller, subsequently routing the calls throughout the world.

14. Because the PCS system has a lower signal and a much higher frequency than traditional cellular technology, the range between the PCS mobile telephone and the antennas is limited.

15. In order to provide continuous service to a PCS telephone user, coverage must overlap in a grid pattern resembling a honeycomb. In the event that the Plaintiff is unable to construct a cell site within a specified geographic area, it will not be able to provide service to the customer within that area.

16. The Plaintiff's engineers use complex computer programs and extensive field-testing to complete a propagation study, which shows where cell sites need to be located in order to provide service. The propagation study also takes into account the topography of the land, the coverage boundaries of neighboring cells and other factors such as population concentrations. In order for the entire system to be operational, there must be properly placed cell sites installed and functioning so that "seamless" coverage can be realized, and only when the entire system is operational will a PCS telephone user be able to conduct an uninterrupted conversation

throughout a given territory. If there is no adequately functioning cell site within a given area, mobile customers in the area will experience an unacceptable level of dropped calls.

17. Omnipoint's research and analysis demonstrates a substantial gap in coverage in the town of Watertown covering the heavily traveled routes of Mount Auburn Avenue and another smaller but significant gap on Belmont Street, along with significant residential areas abutting and between these routes.

18. In evaluating appropriate locations for sitting of cells, the Plaintiff first seeks to identify existing structures, in order to minimize both visual intrusiveness and construction costs. This practice is the custom in the industry and is generally welcomed, if not required, in the communities in which cell sites are proposed to be located.

19. After a thorough review, the Plaintiff could identify no such existing structure of sufficient height that was located in a zoning district in which the telecommunications use was permitted under the zoning by-law.

20.. During the same period of time, the Plaintiff also identified the property of the Oakley Country Club, located at 410 Belmont Street, (the "property") as a candidate for development of a free standing tower structure.

21. The property is approximately 88.17 acres and is located in a Cluster Residential (CR) zoning district. It is the only parcel of property so zoned within the area sought to be covered by Omnipoint's antennas; and the Watertown Zoning By-law permits wireless facilities by special permit in the CR District.

22. In significant part because the property is located in a zoning district that permits wireless facilities, Omnipoint entered into a lease with the Oakley Country Club.

**The Personal Wireless Service Facilities By-law**

23.     Section 5.14 of the Zoning By-law for the Town of Watertown (the "By-law") governs the placement of wireless telecommunications facilities.

24.     In pertinent part, subsection 5.14(a)(1) of the By-law states that: "(a)...any facility must...(1) Be located within these zones (CB, LB, I-2, I-3, and CR).

25.     Subsection 5.14(a)(2) of the By-law forbids such facilities from being located within fifty (50) feet of a residential zone or any structure containing a residential use.

26. Section 5.14(a)(4) of the By-law limits the height of a new tower facility to the height allowed in the zoning district. The height limit in the CR zoning district is thirty (30) feet.

27. Section 5.14(a)(5) of the By-law requires such facilities to be "fully concealed or camouflaged, i.e., disguised, shielded, hidden, or made to appear as an architectural component of an existing or proposed structure."

28. The Watertown Zoning By-law does not authorize the Board of Appeals to grant use variances.

**The Application Hearings**

29.     On or about November 15, 2003 the Plaintiff filed its application for a special permit and a variance from the height limit with the Board.

30.     The Board opened a public hearing on the Plaintiff application on January 28, 2004, and continued the hearing on February 25, 2004, March 16, 2004 and April 14, 2004.

31.     During the course of these public hearings, the Plaintiff submitted evidence and testimony into the record that demonstrated the existence of two gaps in its service in the area

sought to be covered by the proposed site – one to the north of the proposed site along Belmont Street and one to the southwest along Mount Auburn Street.

32. The proposed location was uniquely sited on the top of a hill between these two areas, allowing both gap areas to be covered by a single cell site.

33. During the course of these public hearings, the Plaintiff submitted evidence and testimony into the record that demonstrated that they had examined available existing structures within the search area and had determined that each structure was either unavailable for lease, unsuitable for filling the existing gaps, or located in zoning districts in which the telecommunications use was prohibited.

34. During the course of these public hearings, the Plaintiff submitted evidence into the record, consisting of "photo-simulations" of the proposed pole prepared by licensed engineers. These "photo-simulations" constituted a fair representation of the actual visual appearance of the proposed 120' monopole.

35. During the course of these public hearings, the Plaintiff submitted evidence and testimony into the record that demonstrated that they would install a "flagpole" design which camouflaged the wireless antennas completely from view, as provided for in section 5.14(a)(5) Photo-simulations of each design were submitted to the Board constituting a fair representation of the actual visual appearance of each proposed facility.

36. During the course of these public hearings, the Plaintiff testified, in response to concerns expressed about the height of the pole, offered to lower the height of the monopole to 90' feet.

37.  After the close of the public portion of the hearing, on April 14, 2003, the Board voted unanimously, 5-0, to deny the Plaintiff' applications. The written decisions and notice thereof were filed with the Town Clerk on July 13, 2004, fully 90 days after their vote to deny. True copies of the Decisions (the "Decisions") are attached hereto as Exhibit A and B.

## The Telecommunications Act of 1996

38.  Article VI, Clause 2, of the United States Constitution, commonly known as the Supremacy Clause, provides, in relevant part, that "[t]his Constitution and the Laws of the United States which shall be made in Pursuance thereof…shall be the Supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

39.  The Act governs the regulation of the placement, construction, and modification of personal wireless service facilities and, under the Supremacy Clause, preempts state laws and municipal ordinances or by-laws affecting facilities to the extent that such laws, ordinances or by-laws conflict with the Act.

40.  The Plaintiff's application constitutes a request to provide "personal wireless services" within the meaning of the Act, and, as such, is entitled to the protection of the Act.

## Count I - Prohibition of Personal Communication Services (47 U.S.C. §332(c)(7)(B)(i)(II))

41.  The Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 40 as if fully set forth herein.

8

42. Pursuant to 47 U.S.C. §332(c)(7)(B)(i)(II), "[t]he regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government or instrumentality thereof shall not prohibit or have the effect of prohibiting the provision of personal communications services."

43. The Zoning Board of Appeals' decision violates the Act in that it prohibits or has the effect of prohibiting the provision of personal communications services. 47 U.S.C. §332(c)(7)(B)(i)(II).

44. Accordingly, the Zoning Board of Appeals' action is in violation of, and preempted by, the Act and the Supremacy Clause, and should be set aside and enjoined by the Court on that basis. Further, the Court should exercise its power to issue an order commanding the Zoning Board of Appeals to grant the special permit as applied for by Voicestream.

### Count II - Lack of Substantial Evidence in a Written Record (47 U.S.C. §332(c)(7)(B)(i)(II))

45. The Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 44 as if fully set forth herein.

46. Pursuant to 47 U.S.C. §332(c)(7)(B)(i)(II), "[a]ny decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record."

47. It is the Defendant's burden to produce substantial evidence supporting its denial of Omnipoint's application.

OMNIPOINT HOLDINGS, INC.
By its attorneys,

_____
Peter B. Morin, Esquire (BBO#355155)
McDermott, Quilty & Miller LLP
21 Custom House Street, Suite 300
Boston, MA 02110
(617) 946-4600

11

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Omnipoint Holdings, Inc.

**DEFENDANTS**

THE TOWN OF WATERTOWN, THE TOWN OF WATERTOWN ZONING BOARD OF APPEALS and JOHN W. MARSHALL, JOHN J. McCARTHY, ANTHONY D. FURIA, ELAINE V. GREY and HARRY J. VLACHOS, as they are members of the TOWN OF WATERTOWN ZONING BOARD OF APPEALS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

Washington State

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Middlesex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

04-11757 JLT

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Peter B. Morin, Esq. @ McDermott, Quilty & Miller LLP
21 Custom House St. Boston, MA 02110
(617) 946-4600

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
|  | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug |  | ☐ 410 Antitrust |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability |  | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 130 Miller Act |  | ☐ 365 Personal Injury — Product Liability |  |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws |  | ☐ 460 Deportation |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  |  | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability |  | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities/Exchange |
|  | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending |  |  | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 892 Economic Stabilization Act |
| ☐ 190 Other Contract |  |  | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability |  | ☐ 862 Black Lung (923) | ☐ 894 Energy Allocation Act |
|  |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI |  |
|  |  |  | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence |  |  |  |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General |  |  |  |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☒ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other |  |  |  |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 |  |
|  |  | ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Appeal of adverse zoning decision under 47 U.S.C. 332 (c) (7) (b) (Telecommunications Act of 1996)

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE  8/11/04

SIGNATURE OF ATTORNEY OF RECORD  /s/ Peter Morin

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Omnipoint Holdings, Inc.
   Vs. Town of Watertown, et al

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   X  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   __ II.  195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
           740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   __ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   __ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   __ V.   150, 152, 153.

   04-11757 JLT

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   No

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   No
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?   No

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).  YES _____ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).  YES _____

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?  YES _____ (a)   IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION _____ OR WESTERN SECTION _____

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Peter B. Morin, Esq.
ADDRESS   21 Custom House St., Suite 300, Boston, MA 02110
TELEPHONE NO.   (617) 946-4600

(Category.frm - 09/92)